U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 16 2010

CHRIS R. JOHNSON, Clerk
By [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**BARRY JACKSON** **PLAINTIFF**

**V.** **NO.** 10-6029

**NATIONAL INDEMNITY COMPANY,**
**TEXARKANA CLAIM SERVICE,**
**JAMES HAYNIE, and H.J. SAELER INC.** **DEFENDANTS**

## NOTICE OF REMOVAL

TO: Martha Jo Smith, Clark County Circuit Clerk
401 Clay Street, Arkadelphia, Arkansas 71923-0576

ATTORNEY FOR PLAINTIFF

Richard Bright, TAYLOR A. KING & ASSOCIATES, P.A.
320 Main Street, Arkadelphia, Arkansas 71293

In accordance with 28 U.S.C. §§ 1441 and 1446, you are hereby notified that the captioned case filed as Case No. CV 2010-38 in the Circuit Court of Clark County, Arkansas has been hereby removed to the United States District Court for the Western District of Arkansas, Hot Springs Division. Defendant, National Indemnity Company ("NICO") and Texarkana Claims Service ("Texarkana"), files this Notice of Removal and states, as grounds for removal, the following:

1. On March 5, 2010, the Complaint in this action was originally filed in the Circuit Court of Clark County, Arkansas being Case No. CV 2010-38. On April 1, 2010, Plaintiff filed an Amended Complaint, naming a new Defendant, H.J. Saeler Inc. NICO and Texarkana attaches to this notice what it believes to be a copy of the entire Clark County Circuit Court file, CV 2010-38, as well as copies of all documents received by NICO and Texarkana in connection

with this cause consisting of copies of the Summons and Complaint are attached as Exhibit "A" hereto.

2. The United States District Court for the Western District of Arkansas, Hot Springs Division, had at the time suit was filed, and now has, original subject matter jurisdiction of this civil action because there is complete diversity of citizenship among all properly joined parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332, as established herein. No party properly joined as a defendant in this action is a citizen of the State of Arkansas, the state in which this action was brought. Pursuant to 28 U.S.C. §§ 1441, 1446, and 83, this action may be removed to this Court, as it is the District Court for the district and division within which the action is pending.

3. This Notice of Removal is timely because it has been filed within 30 days after NICO and Texarkana's receipt of a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

4. According to the Complaint, the Plaintiff, Barry Jackson, is a citizen and resident of the State of Arkansas.

5. At the time of the commencement of this suit NICO was and presently is a Nebraska corporation with its principal place of business located in the State of Nebraska. At the time of the commencement of this suit, Texarkana Claim Services was and presently is a Texas corporation with its principal place of business located in the State of Texas.

6. Defendant James Haynie, upon information and belief, is a resident and citizen of Arkansas. Further, the new Defendant, H.J. Saeler Inc. is an Arkansas business, according to the First Amended Complaint. However, neither the citizenship of Mr. Haynie or H.J. Saeler Inc. precludes removal of this case because both are fraudulently or improperly joined, and Plaintiff's claims against Mr. Haynie and H.J. Saeler Inc. should be severed from Plaintiff's claims against

NICO and Texarkana Claim Service, NICO will file a separate Motion to Sever in the near future; however, NICO will address the facts surrounding the claims asserted against Mr. Haynie, H.J. Saeler Inc., NICO and Texarkana Claims Service to establish that neither Mr. Haynie nor H.J. Saeler Inc. are proper parties to this action and that removal is proper. Defendant Haynie has been served but his consent is unnecessary as he is not a proper party to this suit and has been misjoined. Upon information and belief, Defendant H.J. Saeler Inc. has not been served and its consent is unnecessary as it is not a proper party to this suit and has been misjoined.

7. This action is a civil action in which Plaintiff Billy Jackson seeks damages in an amount in excess of federal diversity jurisdiction, seeking declaratory relief that the coverage available exceeds the $87,619.08 settlement he accepted, as well as damages for fraud, violation of the Unfair Claims Settlement Practices Act, bad faith, prejudgment and post-judgment interest and attorney's fees, and punitive damages. Accordingly, Plaintiff seeks damages in excess of $75,000, exclusive of interests and costs, which is the amount required for federal diversity jurisdiction.

8. Plaintiff has fraudulently or improperly joined both Defendants Haynie and H.J. Saeler Inc. in this action because Plaintiff has impermissibly combined his negligence claim arising from an automobile accident with Haynie while apparently in the course and scope of his employment with H.J. Saeler Inc. with his claims against NICO and Texarkana Claims Service for fraud, violation of the Unfair Claims Settlement Practices Act and bad faith. Plaintiff's negligence claims against Haynie and H.J. Saeler Inc. do not arise out of the same transaction or occurrence, or series of transactions or occurrences, as his claims against NICO, and there are no common questions of law or fact. These two separate cases will necessarily involve different

facts, witnesses, legal principles, and different types of damages. Further, because the Complaint joins the negligence claim against Haynie and H.J. Saeler Inc. with the separate claims against NICO and Texarkana Claims Service, the existence of insurance will be improperly and impermissibly injected into Plaintiff's negligence claims against Defendants Haynie and H.J. Saeler Inc.

First, the evidence necessary to establish Plaintiff's tort claim against Mr. Haynie and H.J. Saeler Inc. is entirely different from the evidence needed to establish any right to relief against NICO and Texarkana Claim Service. The relevant evidence regarding the negligence claim against Mr. Haynie and H.J. Saeler Inc. will involve whether Mr. Haynie was negligent in the operation of his vehicle and the damages sustained by Plaintiff. On the other hand, the relevant evidence regarding Plaintiff's claim for relief against NICO and Texarkana Claim Service will involve the terms and conditions of the applicable insurance policy and the negotiations of the settlement with Plaintiff. The Plaintiff's claim against Mr. Haynie and H.J. Saeler Inc. arises from an entirely different transaction than the claims Plaintiff is asserting against NICO and Texarkana Claims Service.

Second, Plaintiff's attempt to join his negligence claims against Mr. Haynie and H.J. Saeler Inc. with his wholly separate claims against NICO and Texarkana Claim Service is improper because it would cause the erroneous and highly prejudicial admission into evidence of the existence of liability insurance in the tort case against Mr. Haynie and H.J. Saeler Inc. A trial involving both Plaintiff's tort claims against Mr. Haynie and H.J. Saeler Inc. and Plaintiff's claims for relief against NICO and Texarkana Claim Service would result in the jury being advised of the existence of liability insurance in the negligence action against Mr. Haynie and H.J. Saeler Inc., which constitutes reversible error in a negligence trial against the tortfeasor. *See*

*Hacker v. Hall*, 296 Ark. 571, 759 S.W.2d 32 (1988); *Patton v. Williams*, 284 Ark. 187, 680 S.W.2d 707 (1984); *Vermillion v. Peterson*, 275 Ark. 367, 630 S.W.2d 30 (1982); *Pickard v. Stewart*, 253 Ark. 1063, 491 S.W.2d 46 (1973). The Arkansas court has reasoned that a reference to insurance in a case involving a personal injury plaintiff and the tortfeasor is error because it may "skew the jury's thinking because of the presence or absence of a deep pocket." *Hacker v. Hall*, 296 Ark. at 576, 759 S.W.2d at 35.

In addition, to the extent Plaintiff's Complaint alleges that he may proceed directly against NICO and Texarkana Claim Service for the negligence of Mr. Haynie, it is well established under Arkansas law that an injured party may not sue the tortfeasor's insurer prior to obtaining a judgment against the tortfeasor. Ark. Code. Ann. §§ 23-79-210, 23-89-101; *National Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206,828 S.W.2d 836 (1992). Accordingly, Plaintiff cannot assert a claim against NICO or Texarkana Claims Service for the negligence of Mr. Haynie at this time.

9. For these reasons, this suit is subject to removal pursuant to 28 U.S.C. § 1441 and § 1446.

10. NICO and Texarkana has given written notice of this removal by filing copies of this Notice of Removal with the Circuit Court Clerk of Clark County, Arkansas, and by mailing copies of this Notice of Removal to Plaintiff's attorneys.

11. No admission of fact, law, or liability is intended by the filing of this Notice, and all defenses, motions, and pleadings are expressly reserved.

WHEREFORE, Defendants, National Indemnity Company and Texarkana Claims Service give notice that this case has been removed from the Circuit Court of Clark County,

Arkansas, to the Federal District Court for the Western District of Arkansas, Hot Springs Division.

Respectfully submitted,

HUCKABAY, MUNSON, ROWLETT
& MOORE, P.A.
400 W. Capitol, Suite 1900
Little Rock, AR 72201
(501) 374-6535 Telephone
(501) 374-5906 Facsimile

By: ______________________________

JOHN E. MOORE, ABN 82111
SARAH E. GREENWOOD, ABN 2003089

**CERTIFICATE OF SERVICE**

I, Sarah Greenwood do state that a true and correct copy of the foregoing pleading was mailed on this 15th day of April, 2010 to the following:

Mr. Richard Bright
Taylor A. King & Associates, P.A.
Post Office Box 972
320 Main Street
Arkadelphia, Arkansas 71293

______________________________
SARAH GREENWOOD